UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **PRODUCTS FOR SURGERY, INC.,**<br><br>　　　　**Plaintiff,**<br><br>　　v.<br><br>**SHELHIGH, INC.,**<br><br>　　　　**Defendant.** | MASTER FILE: 06-CV-3565<br>(WJM)<br><br><br>OPINION<br><br>HON. WILLIAM J. MARTINI |

Daniel Quentin Harrington
Cozen and O'Connor
Liberty View
457 Haddonfield Road
Suite 300
Cherry Hill, NJ 08002-2200

(*Counsel for Plaintiff*)

Marco A. Laracca
Bio & Laracca, P.C.
331 Central Avenue
Orange, NJ 07052

(*Counsel for Defendant*)

**WILLIAM J. MARTINI, U.S.D.J.:**

　　Plaintiff Products for Surgery, Inc. ("PSI") files this motion to enforce a settlement agreement with Defendant Shelhigh, Inc. PSI requests that this Court order Shelhigh to pay the amount set forth in the settlement as well as all fees and costs that PSI incurred in enforcing the settlement. Shelhigh does not dispute the validity of the settlement but

responds that it is financially unable to comply with it.  This Court holds that Shelhigh's inability to comply with the settlement does not excuse its performance thereunder and thus orders Shelhigh to comply with the settlement.  However, this Court finds that the settlement agreement extinguished any right PSI had to seek attorney's fees arising from this litigation.  Accordingly, PSI's motion is **GRANTED** in part and **DENIED** in part.

I.      FACTS AND PROCEEDINGS

This case arises from the settlement of a contract dispute.  In 1999, Plaintiff PSI and Defendant Shelhigh entered into a distribution contract, pursuant to which PSI agreed to distribute Shelhigh's medical products.  (Compl. ¶ 6.)  The distribution contract required PSI to promote and distribute only Shelhigh products.  (Countercl. ¶ 28.)  The contract provided that upon its termination, PSI could return to Shelhigh any unsold inventory for reimbursement.  (Compl. ¶ 7.)  The contract also provided that "in the event of litigation arising out of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys fees."  (Compl. Ex. A § 20(b).)

By 2005, the relationship had soured.  PSI sued Shelhigh for breach of contract, invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332 and alleging that the distribution contract had terminated but that Shelhigh had failed to reimburse PSI for returned medical products.  (Compl. ¶¶ 3, 9–14.)  Shelhigh counterclaimed for breach, alleging that PSI had sold and promoted the medical devices of a Shelhigh competitor.  (Countercl. ¶¶ 30–33.)

Eventually the parties settled, entering into a written settlement agreement on May 16, 2007.  (Motion ¶ 4.)  The settlement agreement required Shelhigh to pay PSI $65,000 by May 29, 2007.  (Settlement ¶ 3(a).)  The settlement also provided that the parties relinquished any claims arising from the distribution contract—including claims for attorney's fees or costs.  (Settlement ¶ 1.)  This Court accordingly dismissed the case but specifically retained jurisdiction to enforce the settlement agreement if needed.  (Order of Dismissal.)

Shelhigh never did pay this $65,000 to PSI.  (Motion to Enforce Settlement ¶ 14.)  Accordingly, on July 31, 2007, PSI filed this Motion to Enforce the Settlement Agreement.  PSI seeks an order compelling Shelhigh to pay settlement amount of $65,000.  (Motion 4–5.)  PSI also seeks to recover all attorney's fees and costs arising from the enforcement of the settlement.  (Motion 5.)

**II.   DISCUSSION**

District courts may retain subject-matter jurisdiction to enforce a settlement agreement if that jurisdiction is expressly retained in any order dismissing the case as settled.  In re Phar-mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999).  If the court's jurisdiction over the underlying case was grounded in § 1332 diversity jurisdiction, then the court will look to state law when construing and enforcing the settlement agreement.  Consol. Rail Corp. v. Portlight, Inc., 188 F.3d 93, 96 (3d Cir. 1999).  Under New Jersey law, the construction and enforcement of settlement agreements is governed by contract

3

principles.[1]  Thompson v. City of Atl. City, 921 A.2d 427, 439 (N.J. 2007); Nolan ex rel. Nolan v. Lee Ho, 577 A.2d 143, 146 (N.J. 1990).

### A. The $65,000 Settlement Obligation

Applying the above principles, it is clear that PSI is entitled to an order compelling Shelhigh to pay the $65,000 settlement amount.  The settlement clearly provides for this payment, obligating Shelhigh to "Pay to PSI Sixty Five Thousand Dollars ($65,000.00) as full consideration for the promises set forth above on or before May 29, 2007."  (Settlement ¶ 3(a).)  Indeed, Shelhigh does not dispute this obligation.  (Opp. to Motion to Enforce Settlement.)

Rather, Shelhigh merely asserts that it is financially unable to fulfill this obligation.  (Opp.)  Shelhigh explains and this Court acknowledges that it is involved in litigation with the FDA (Opp.), which seized Shelhigh's medical devices pursuant to this Court's order.  See United States v. Undetermined Quantities of Boxes of Articles of Device, Labeled in Part, Shelhigh No-React Vascupatch Shelhigh, Inc., No. 07-CV-1769, 2008 WL 58871, at *1 (D.N.J. January 3, 2008).  Shelhigh states that it "has every intention in paying plaintiff the agreed upon amount," but that it cannot do so now.  (Opp.)

While this Court does not question Shelhigh's purported inability to fulfill its

---

[1] The distribution contract and settlement agreement both provide that they shall be governed by New Jersey law.  (Distribution Contract ¶ 20(b); Settlement ¶ 8.)  Neither party contests the applicability of New Jersey law to this motion.

4

settlement obligations, this does not justify modification or vacation of those obligations. Settlement agreements will be honored and enforced absent a demonstration of fraud, misrepresentation, or some undue advantage one party enjoyed in the creation of the agreement.  Nolan, 577 A.2d at 146; Zuccarelli v. State, Dep't of Envtl. Prot., 741 A.2d 599, 604 (N.J. Super. Ct. App. Div. 1999).  Impossibility of performance does not relieve a party from the obligation to perform a contract.  Schwartz v. Hoffman Found. & Holding Corp., 51 A.2d 240, 243 (N.J. Ch. 1947).  If Shelhigh is unable to directly satisfy its $65,000 obligation to PSI, PSI may then pursue other available remedies against Shelhigh.  See, e.g., Fed. R. Civ. P. 69.

      **B.**      **Attorney's Fees**

PSI is not, however, entitled to attorney's fees.  New Jersey follows the "American Rule" regarding attorneys fees: prevailing parties are generally not entitled to them.  In re Estate of Lash, 776 A.2d 765, 771 (N.J. 2001).  The only exception applicable to this case is that attorney's fees are permitted in litigation over a contract if that contract expressly provides for recovery of such fees.  N. Bergen Rex Transp., Inc. v. Trailer Leasing Co., a Div. of Keller Sys., Inc., 730 A.2d 843, 848 (N.J. 1999); c.f. Cmty. Realty Mgmt., Inc. for Wrightstown Arms Apartments v. Harris, 714 A.2d 282, 293 (N.J. 1998).  Also, like any contract term, parties are free to relinquish claims for attorney's fees through their settlement agreements if expressly stated in those agreements.  Torres v. Metro. Life Ins. Co., 189 F.3d 331, 333 (3d Cir. 1999); c.f. Coleman v. Fiore Bros., Inc., 552 A.2d 141,

145–46 (N.J. 1989) (holding that where plaintiffs in consumer fraud actions are represented by private counsel, they may waive their right to statutory attorney's fees in a settlement agreement).

Here, PSI may have originally had a claim to attorney's fees arising out of its enforcement of the distribution agreement.  Section 20 of that agreement provides that "in the event of litigation arising out of this Agreement, the prevailing party shall be entitled to recover reasonable attorneys fees."

However, the parties extinguished any such claim to attorney's fees in the settlement agreement, substituting Shelhigh's $65,000 obligation in place of all other claims.  The settlement states this repeatedly.  For example, the introduction states that the settlement is "in full and final settlement of any and all claims whatsoever, including any and all claims for attorneys' fees and costs, related to the Distributor Appointment Agreement . . . and the sale and/or return of product related thereto . . . ."  (Settlement 1; see also Settlement §§ 1(a), 1(b)(1); 3(d); 5(b).)

The settlement agreement provides only one exception to this relinquishment.  Paragraph 9 of the settlement agreement states that the claims allowed in Sections 4(b) and 4(c) of the distribution agreement survive the settlement, notwithstanding any other provision in the settlement agreement to the contrary.[2]  Sections 4(b) and 4(c) of the

---

[2]Many paragraphs of the settlement agreement state that the parties relinquish all claims "except as provided in Paragraph 8 hereof."  (Settlement ¶¶ 1(a), 3(c), 3(d), 5(b).)  Paragraph 8, however, is a choice of law, venue, and jurisdiction provision and does not appear to have anything to do with relinquishing claims.  Rather, it is likely that the parties intended to refer to

6

distribution agreement provide that Shelhigh must defend, indemnify, and hold PSI harmless from any liability resulting from certain intellectual property litigation or product liability litigation.[3]  These exceptions are inapplicable to this breach of contract case.  Indeed, they serve here to reinforce, through the canon of *expressio unius est exclusio alterius*, that the parties intended to relinquish claims to all other attorney's fees, including those arising out of the enforcement of the settlement agreement.  Accordingly, PSI is not entitled to attorney's fees.

### III.   CONCLUSION

Shelhigh remains obligated to PSI for $65,000, which this Court orders Shelhigh to pay within ten days of this issuance of this Opinion.  Shelhigh is not, however, liable for PSI's attorney's fees arising from this litigation.  Accordingly, PSI's motion is **GRANTED** in part and **DENIED** in part.  A suitable Order accompanies this Opinion.

s/ William J. Martini
William J. Martini, U.S.D.J.

---

Paragraph 9, which, as explained above, deals with the survival of certain indemnification claims.

[3] Section 4(b) provides that PSI must similarly indemnify Shelhigh for expenses resulting from claims of misrepresentation by PSI.